IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD H. BERNSTEIN, | ) |
| Plaintiff, | ) |
| | ) 13 Civ. 4610 (CM) (SN) |
| v. | ) Hon. Colleen McMahon |
| | ) |
| CITY OF NEW YORK and | ) |
| NEW YORK CITY DEPARTMENT | ) |
| OF TRANSPORTATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Edmund O. Battersby (P35660)  
The Sam Bernstein Law Firm  
31731 Northwestern Highway, Ste. 333  
Farmington Hills, MI 48334  
248-737-8400/FAX: 248-737-4392  
Secretary 248-737-2030 x 1006  

Mary O'Sullivan (MO 8495)  
Assistant Corporation Counsel  
New York City Law Department  
Administrative Law Division  
100 Church Street, Room 5-174  
New York, New York 10007  
(212) 356-2206  

*Attorney for Plaintiff*  

*Attorneys for Defendants*

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, RICHARD BERNSTEIN, by and through his undersigned attorneys, for his cause of action against Defendants, CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF TRANSPORTATION (Collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1. PLAINTIFF SEEKS NO MONEY DAMAGES AGAINST THE CITY OF NEW YORK OR NEW YORK CITY DEPARTMENT OF TRANSPORTATION. PLAINTIFF SEEKS ONLY ANY ORDER ENJOINING DEFENDANTS FROM

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

CONTINUED DISCRIMINATION AGAINST THE BLIND, VISUALLY IMPAIRED, AND OTHER DISABLED INDIVIDUALS IN VIOLATION OF FEDERAL LAW.

2. Plaintiff brings this action to put an end to Defendants' failure to comply with the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 et seq. ("ADA"), the ADA Accessibility Guidelines (ADAAG), 28 C.F.R. § 36app. D., and the Rehabilitation Act of 1973, 29 U.S.C. 794, et seq.

3. The Defendants are discriminating against Plaintiff and others similarly situated by denying them equal access to Central Park, a public park located in the center of Manhattan in New York City, New York. The discriminatory acts and omissions are violations of the above-referenced statutes and include, but are not limited to, the following:

   a. Denying Plaintiff and others similarly situated equal access to Central Park in violation of 42 U.S.C. 12132 and 28 CFR 35.130.

   b. Affording a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others in violation of 28 CFR 35.130(b)(ii).

   c. Providing a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others in violation of 28 CFR 35.130.

   d. Failing to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

2

disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity in violation of 28 CFR 35.130(b)(7).

e. Failing to administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities in violation of 28 CFR 35.130(d).

f. Failing to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities in violation of 28 CFR 35.133(a).

g. Failing to operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities in violation of 28 CFR 35.150(a).

h. Failing to bring facilities built or altered on or after January 26, 1992 into compliance with the ADA in violation of 28 CFR 35.151.

i. Failing to ensure that communications with disabled individuals are as effective as communications with others in violation of 28 CFR 35.160.

j. Failing to ensure that interested persons, including persons with impaired vision or hearing, can obtain information as to the existence and location of accessible services, activities, and facilities in violation of 28 CFR 35.163(a).

k. Failing to provide signage at all inaccessible entrances to each of its facilities, directing users to an accessible entrance or to a location at which they can obtain information about accessible facilities in violation of 28 CFR 35.163(b).

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

l.  Failing to promulgate and/or enforce adequate bicycle safety rules in Central Park.

m.  Failing to meet the ADA's minimum width requirement of 32" for paths used to access Central Park.

n.  Failing to remedy large sections of missing concrete along various paths used to access Central Park.

o.  Various sections of access paths measure at over a 10% slope, while the maximum allowable scope under the ADA is 2%.

p.  Missing curb ramps and/or crosswalks at several locations throughout the Park.

q.  Missing detectable warnings where curb ramps are in place.

r.  Missing automated pedestrian signals at newly constructed or altered signalized crossings.

s.  Ramps leading to and from the Park with slopes in excess of 17%, when the maximum allowable slope under the ADA is 8.3%.

t.  Missing horizontal extensions on handrails throughout the Park.

u.  Vertical elevation changes at curb line in excess of the maximum allowable under the ADA.

v.  Otherwise limiting a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service in violation of 28 CFR 35.130(b)(vii).

w.  Any and all further violations of the ADA as revealed by further discovery.

4.  By ignoring the needs and dignity of disabled patrons, and denying equal access to Central Park for Plaintiff and others with disabilities, the Defendants treat him as a

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED LIABILITY COMPANY

second-class citizen, and unjustly disregard his basic rights to equality and dignity, and cause embarrassment, humiliation, harassment and emotional distress. Therefore, Plaintiff seeks injunctive relief and declaratory relief to redress Defendants' past and continuing violation of his rights under federal law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331, because Plaintiff's claims arise under a federal statute, the ADA. In addition, this Court has jurisdiction over Plaintiff's claims for declaratory relief, pursuant to 28 U.S.C. 2201-02.

6. Venue is proper in the Southern District of New York as both Defendants are residents of the State of New York and reside within this district pursuant to 28 U.S.C. 1391, and because the events, acts, and omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. Plaintiff, Richard Bernstein, is a blind individual living in Birmingham, Michigan, who frequently visits New York City but cannot gain equal or reasonable access to Central Park due to the ADA violations enumerated above.

8. Plaintiff's negative occurrences have been continual and repeating to the extent that Plaintiff cannot reasonably gain access to Central Park.

9. Plaintiff has standing to bring the present cause of action:

   a. Plaintiff is physically disabled according to the definition provided by the ADA, as he is "substantially impaired in the major life activity of seeing."

   b. Plaintiff is being denied proper access to Central Park.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

10. Defendants are public, government entities within the meaning and definition of the ADA.

## FACTUAL ALLEGATIONS

11. Central Park is a public Park located in New York City on 843 acres of publicly owned land.

12. Plaintiff visits New York approximately 30 times per year, for over 10 years, but cannot safely enter Central Park due to the several ADA violations prohibiting equal access to the blind and otherwise disabled.

13. During his hundreds of visits to Central Park, Plaintiff has encountered all of the obstacles listed below, and as a result, has been unable to get around Central Park on his own without the assistance of strangers.

14. Blind since birth and experienced in getting around without assistance, Plaintiff has experienced no such difficulty navigating through other public parks. Indeed, Plaintiff regularly gets around airports in New York by himself, and is able to walk across town from his hotel to the Park without assistance.

15. On August 13, 2012, Plaintiff was struck by a bicyclist while attempting to walk on a pedestrian path in Central Park.

16. This incident was a direct and proximate result of the City's failure to bring the Park in compliance with ADA. Specifically, had the City followed the communication, signage, and other requirements of the ADA listed above, this incident would have been avoided.

17. This incident was not the first time Plaintiff suffered harm as a result of the City's failure to comply with the ADA, as explained in Paragraphs 12 and 13, above.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

18. Plaintiff merely singles out this experience as the catalyst that prompted him to bring this suit, encompassing all of the instances when Plaintiff's access to various portions of the Park was denied.

19. On December 14, 2013, Plaintiff's expert ADA compliance witness, Gary Talbot, assessed several portions of Central Park, photographing, measuring, and/or otherwise documenting several undisputed violations of the ADA and the rules and regulations promulgated thereunder. Plaintiff has attached these preliminary findings as Exhibit 1 and hereby incorporates it by reference to this Complaint. (See also Exhibit 2 (Affidavit of Gary Talbot) and Exhibit 3 (Curriculum Vitae of Gary Talbot), both of which Plaintiff incorporates by reference to this Complaint).

20. Specifically, the ADA violations documented throughout Central Park have denied Plaintiff and others similarly situated reasonable access to the Park in the following ways:

    a. Due to the excessive slope of ramps used to enter and exit the Park (slopes measured and documented by Plaintiff's expert ADA compliance witness) and found to be in violation of the ADA), Plaintiff is taken by surprise by the sudden drop or increase in elevation, as he cannot see the ramp.

    b. Due to the missing curb cuts throughout the Park in violation of the ADA and documented by Plaintiff's expert ADA compliance witness), Plaintiff is in danger or tripping, falling, or slipping into the street because of sudden elevation changes.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

    c. Due to obstructed pathways in violation of the ADA and documented by Plaintiff's expert ADA compliance witness, Plaintiff is in constant danger of serious injury while walking into, out of, or around the Park.

    d. Due to the missing concrete along pedestrian pathways (as photographed and documented by Plaintiff's expert), Plaintiff is in imminent danger of falling or tripping without warning at any given time.

    e. Due to the missing detectable warnings at crosswalks, Plaintiff is unable to perceive that he is nearing a roadway with moving traffic. Accordingly, Plaintiff is unable to cross any streets in the Park without the assistance of able-sited individuals, and has been forced to rely on the kindness of strangers to get across the streets on several occasions.

    f. Due to handrails that do not extend far enough beyond the stairs to comply with the ADA, Plaintiff is unable to gauge when he is nearing a stairwell, and faces imminent risk of falling.

    g. As a result of these violations, Plaintiff cannot safely enter Central Park on his own, and upon several attempts, has been stranded and forced to rely on the kindness of strangers to cross streets, pathways, or ramps in the Park.

## COUNT I

**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT.**

21. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 20, inclusive;

22. In enacting the ADA, Congress expressly determined that society tends to isolate and segregate people with disabilities; that individuals with disabilities continually

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

encounter prejudice and discrimination, including outright exclusion and the failure to eliminate exclusionary criteria; that this nation should assure equality of opportunity for all participation, independent living, and economic self –sufficiency to individuals with disabilities; and that continuing discrimination impedes them from competing on an equal basis and pursuing opportunities available to other citizens. 42. U.S.C. 12101(a).

23. The express purpose of the ADA is to provide a clear and comprehensive national mandate for eliminating discrimination against individuals with disabilities; to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and to ensure that the federal government plays a central role in enforcing the standards established in the Act on behalf of individuals with disabilities 42 U.S.C. 12101 (b).

24. The Plaintiff is a person who constitutes a "qualified individual(s) with a disability" under the ADA.

25. Defendants are "public entities" as defined by the ADA.

26. Both Defendants are engaged in the ownership and operation of Central Park, a place of public accommodation.

27. Through the acts and omissions alleged here, Defendants have acted in disregard of Plaintiff's disabilities, inhibited Plaintiff from access to Central Park.

28. Defendants' acts and omissions are in violation of the equal access and nondiscrimination requirements set forth in Title II of the ADA, and the regulations promulgated thereunder, and have resulted in injury to Plaintiff and others similarly situated.

THE SAM BERNSTEIN LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED LIABILITY COMPANY

29. Defendants' acts and omissions constitute an ongoing and continuous violation of Title II of the ADA. Unless restrained and enjoined from doing so, Defendants will continue to violate this statute and to inflict irreparable injuries for which Plaintiff has no adequate remedy at law.

30. The American's with Disabilities Act Accessibility Guidelines for Buildings and Facilities (ADAAG) is the identified architectural standard to be used in facilities covered by the ADA.

31. Defendants are in violation of the ADA and applicable ADAAG standards. Such violations include, but are not limited to the following those enumerated in paragraph 3 of this Complaint.

32. As stated above, Defendants have failed to comply with even the most minimal provisions of the Americans with Disabilities Act Architectural Guidelines, and are woefully in violation of their obligations to provide accommodation to travelers who are disabled.

## COUNT II

**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. 794) ET SEQ AND RELATED.**

33. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 32, inclusive.

34. Section 504 states in part that "no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under" any program or activity that either receives Federal financial assistance or is conducted by any Executive agency.

35. Plaintiff is a qualified individual with a disability as defined by Section 504.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

10

36. Upon information and belief, Defendants receives federal financial assistance in their programs and activities.

37. As referenced above, Defendants have consistently discriminated against Plaintiff and other similarly situated individuals with disabilities by failing to make Central Park accessible to Plaintiff and other persons with disabilities.

WHEREFORE, plaintiff requests the relief set forth below.

### PRAYER FOR RELIEF

Plaintiff prays for the following relief:

38. A declaration that Defendants' acts and omissions unlawfully violate plaintiff's rights under the American's with Disabilities Act of 1990 (ADA), the ADAAG guidelines, and the Rehabilitation Act of 1973.

39. An injunction or other order instructing Defendants to actually provide individuals with disabilities with full and equal access to Central Park, said order allowing Plaintiff, or Plaintiff's representative to review all plans and/or construction drawings prior to their implementation.

40. A further injunction restraining the Defendants from further discrimination against individuals with disabilities.

41. Although Plaintiff seeks no compensatory damages at this time, Plaintiff wishes to reserve the right to amend and request compensatory damages should it become necessary to encourage the Defendants to comply with federal law.

42. Although Plaintiff seeks no actual attorney's fees or costs, Plaintiff wishes to reserve the right to amend and request attorney's fees and costs should it become necessary to encourage the Defendants to comply with federal law.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

43. All other relief that this Court deems just and proper.

                                              Respectfully submitted,
                                              THE SAM BERNSTEIN LAW FIRM

                                              _____/s_____
                                              Edmund O. Battersby
                                              Attorney for Plaintiff
                                              31731 Northwestern Highway
                                              Farmington Hills, MI 48334
                                              (248) 737-8400
Dated: July 6, 2014                             (248) 737-4392 (facsimile)

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY