15-785

*Richard Howard Bernstein v. City of New York*

**MANDATE**

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand fifteen.

PRESENT:   CHESTER J. STRAUB,
                    RICHARD C. WESLEY,
                    DEBRA ANN LIVINGSTON,
                              *Circuit Judges.*

_____

RICHARD HOWARD BERNSTEIN,

        *Plaintiff-Appellant,*

        -v.-                                                                15-785

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF TRANSPORATION

        *Defendants-Appellees.*

_____

| USDC SDNY |
| --- |
| **DOCUMENT** |
| **ELECTRONICALLY FILED** |
| **DOC #:** _____ |
| **DATE FILED:**__12/04/2015___ |

1

MANDATE ISSUED ON 12/04/2015

FOR APPELLANT:                    ALI W. CHARARA, The Sam Bernstein Law
                                  Firm, Farmington Hills, MI.

FOR APPELLEES:                    ZACHARY W. CARTER (Fay Ng, Marta Ross,
                                  *on the brief*), Corporation Counsel of the City of
                                  New York, NY.

Appeal from the United States District Court for Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the District Court's order granting the

Defendants' motion to dismiss is **VACATED** and **REMANDED**.

Plaintiff-Appellant Richard Howard Bernstein ("Bernstein") appeals from

an order of the United States District Court for the Southern District of New York

(Colleen McMahon, *J.*), entered on February 20, 2015. The district court adopted

as its opinion the Report and Recommendation of Magistrate Judge Sarah

Netburn, granting Defendants-Appellees City of New York and the New York

City Department of Transportation (collectively, "the City")'s motion to dismiss

for lack of standing. The district court did not address the City's motion to

dismiss Bernstein's amended complaint for failure to state a claim.

Bernstein seeks declaratory and injunctive relief for the City's alleged

failure to comply with the Americans with Disabilities Act of 1990, ("ADA"), 42

U.S.C. 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. 794, *et seq.*,

based on various alleged violations preventing him, a blind person, and others

similarly situated from gaining "equal or reasonable access" to Central Park.  We

assume the parties' familiarity with the additional underlying facts, the

procedural history, and the issues presented for review, which we reference only

as necessary to explain our decision to vacate and remand.

## 1. Standing

We review "*de novo* a judgment of dismissal pursuant to Fed. R. Civ. P.

12(b)(6), assuming all facts alleged within the four corners of the complaint to be

true, and drawing all reasonable inferences in plaintiff's favor."[1]  *Interpharm, Inc.*

*v. Wells Fargo Bank, Nat. Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011).  To satisfy

constitutional standing requirements, a plaintiff must prove: (1) injury in fact,

which must be (a) concrete and particularized, and (b) actual or imminent; (2) a

causal connection between the injury and the defendant's conduct; and (3) that

---

[1] We note that the City moved to dismiss Bernstein's amended complaint under Fed. R. Civ. P. 12(b)(6) "for failure to state a claim upon which relief can be granted, and for lack of standing."  App. 46.  This Court has recognized "that dismissals for lack of standing may be made pursuant to Fed. R. Civ. P. 12(b)(6)."  *Rent Stabilization Ass'n of City of New York v. Dinkins*, 5 F.3d 591, 594 (2d Cir. 1993).  Accordingly, we consider the City's dismissal for lack of standing pursuant to Fed. R. Civ. P. 12(b)(6), rather than construing the motion to dismiss for lack of standing to fall under Fed. R. Civ. P. 12(b)(1).

the injury is likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). Plaintiffs seeking injunctive relief must also prove that the identified injury in fact presents a "real and immediate threat of future injury," often termed "a likelihood of future harm." *Shain v. Ellison,* 356 F.3d 211, 215–16 (2d Cir. 2004).

Therefore, we have found standing in ADA suits seeking injunctive relief, "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.,* 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam), *cert. denied,* 134 S. Ct. 2295 (2014); *see also Camarillo v. Carrols Corp.,* 518 F.3d 153, 158 (2d Cir. 2008) (per curiam). Applying this standard in *Camarillo,* for example, we found standing where (1) defendants had failed to effectively communicate menu items to the legally blind plaintiff— an alleged ADA violation, (2) this discriminatory treatment was likely to continue, and (3) the plaintiff's past visits and proximity to the restaurant made it reasonable to infer her intent to return. *See Camarillo,* 518 F.3d at 158.

4

While Bernstein's amended complaint is certainly broad, it includes two categories of concrete factual allegations in support of his claim that the City has denied him and others similarly situated "equal or reasonable access" to the Park, in violation of the ADA and the Rehabilitation Act. First, the amended complaint includes a list of allegedly violative conditions. For example, the amended complaint alleges that the City "[f]ail[ed]to provide signage at all inaccessible entrances to each of its facilities, directing users to an accessible entrance or to a location at which they can obtain information about accessible facilities in violation of 28 CFR 35.163(b)." Am. Compl. ¶3(k).

Second, the amended complaint and attached expert report[2] describe particular instances of the Park's alleged inaccessibility. The complaint explains how these alleged violations deny blind individuals "reasonable" access to the Park, alleges that Bernstein has personally experienced these violations, and describes how Bernstein has been personally harmed by the violations as a result of his blindness. For instance, Bernstein's amended complaint alleges that "[d]ue to the missing detectable warnings at crosswalks, Plaintiff is unable to perceive that he is nearing a roadway with moving traffic. Accordingly, Plaintiff is unable

---

[2] We may consider "documents attached to the complaint as an exhibit" in assessing a motion to dismiss. *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

to cross any streets in the Park without the assistance of able-sited [sic]

individuals, and has been forced to rely on the kindness of strangers to get across

the streets on several occasions." Am. Compl. ¶20(e). Bernstein further alleges

that "[a]s a result of these violations, Plaintiff cannot safely enter Central Park on

his own, and upon several attempts, has been stranded and forced to rely on the

kindness of strangers to cross streets, pathways, or ramps in the Park." Am.

Compl. ¶20(g). These allegations—though not a model of specificity—

sufficiently allege not just generalized injury, but injury personal to Bernstein.[3]

Our decisions in *Kreisler* and *Camarillo* lend support to Bernstein's standing

to pursue this claim. First, Bernstein has alleged past injury under the ADA

(namely, that he was denied "equal or reasonable access to Central Park" due to

its failure to comply with the ADA and the Rehabilitation Act). Second, it is

---

[3] The amended complaint also includes a description of an alleged incident in which
Bernstein was struck by a bicycle while attempting to walk in a path in the Park. Am.
Compl. ¶15. Bernstein alleges in his complaint that "[t]his incident was a direct and
proximate result of the City's failure to bring the Park in compliance with the ADA.
Specifically, had the City followed the communication, signage, and other requirements
of the ADA listed above, this incident would have been avoided." Am. Compl. ¶16.
Bernstein provides no details about the accident other than that it occurred on a
"pedestrian path in Central Park" on August 13, 2012. Am. Compl. ¶15. For this
incident to be relevant to our standing analysis, Bernstein would have to allege facts
sufficient to suggest, as he alleges, that ADA violations denying blind individuals
"reasonable," or meaningful, access to the Park in fact caused this accident. We thus
find the allegation that ADA violations cause Bernstein's biking accident overly
conclusory to contribute to our analysis.

reasonable to infer from Bernstein's amended complaint that the alleged

violations—including the allegedly violative conditions in Bernstein's amended

complaint and the attached expert report—will continue.

However, we cannot yet infer intent to return from Bernstein's complaint.

Bernstein alleges only that he has visited New York "approximately 30 times per

year, for over 10 years," and that he has made "hundreds of visits to Central

Park."[4]   As noted above, past frequency of visits is a key factor in determining

intent to return.  *See Kreisler*, 731 F.3d at 187–88; *Camarillo*, 518 F.3d at 158.  Yet

the complaint does not provide any information regarding Bernstein's intent to

return to the Park in the future, despite being given the opportunity to do so by

the district court.[5]

---

[4] The  concluded that the frequency of Bernstein's alleged visits to New York City and
the Park were "facially implausible."  App. 98.  We disagree.  Because we must
"assum[e] all facts alleged within the four corners of the complaint to be true, and
draw[] all reasonable inferences in plaintiff's favor," we find the frequency of
Bernstein's visits plausible.  *See Interpharm*, 655 F.3d at 141.
[5] On June 24, 2014, the district court granted Bernstein's motion for leave to amend.  The
district court instructed Bernstein to address the pleading defects identified by the City,
and noted that no further opportunities to amend the complaint would be provided
should the City file a second motion to dismiss.

Accordingly, we remand this issue for further fact-finding.[6]   We note, however, that the location of Bernstein's home in Birmingham, Michigan is not determinative to his ability to establish intent to return to the Park.  Intent to return is a highly fact-sensitive inquiry that incorporates a range of factors including not only the proximity of the defendant's services, programs, or activities to the plaintiff's home and the frequency of the plaintiff's past visits, *see Kreisler*, 731 F.3d at 187–88; *Camarillo*, 518 F.3d at 158, but also other factors relevant to the calculation of the plaintiff's intent to return such as occupation or demonstrated travel habits.

### 2.  Failure to State a Claim

The City also argues that we should affirm the judgment below on the alternate ground that Bernstein's amended complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Because the district court did not address this alternate ground for dismissal, we remand this motion for consideration.  We do note, however, that Bernstein's amended complaint advances the incorrect standard for the City's alleged ADA violation.

---

[6] *See Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[I]t is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing.").

8

Specifically, Bernstein asserts that the City has violated Section 504 of the

Rehabilitation Act and Title II of the ADA.  "Section 504 of the Rehabilitation Act

'prohibits programs and activities receiving federal financial assistance from

excluding, denying benefits to, or discriminating against otherwise qualified'

individuals with a disability." *Disabled in Action v. Bd. of Elections in City of New*

*York*, 752 F.3d 189, 196 (2d Cir. 2014) (quoting 29 U.S.C. § 794(a)).  Title II of the

ADA provides that "no qualified individual with a disability shall, by reason of

such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to

discrimination by any such entity."  42 U.S.C. § 12132.

To establish a violation of Title II of the ADA or the Rehabilitation Act, "a

plaintiff must demonstrate that '(1) he is a qualified individual with a disability;

(2) the defendant is subject to one of the Acts; and (3) he was denied the

opportunity to participate in or benefit from the defendant's services, programs,

or activities, or was otherwise discriminated against by the defendant because of

his disability.'" *Disabled in Action*, 752 F.3d at 196 (quoting *McElwee v. Cnty. of*

*Orange,* 700 F.3d 635, 640 (2d Cir. 2012)).  Only the third element is in dispute

here.

9

Title II and the Rehabilitation Act require only that entities make

"reasonable accommodations" to enable "meaningful access" to services,

programs, and activities. *See Wright v. Giuliani*, 230 F.3d 543, 548 (2d Cir. 2000)

(per curiam). At issue in the present case, therefore, is whether Bernstein was

denied meaningful access to the Park. Bernstein's amended complaint thus

advances the improper standard in asserting that he cannot gain "equal access",

"reasonable access," or "equal or reasonable access" to the Park due to the

alleged ADA violations. That inadequacy, however, is not fatal.

For the foregoing reasons, the district court's judgment is **VACATED** and

the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



**A True Copy**

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit